# SEPARATION AGREEMENT AND MUTUAL RELEASE OF CLAIMS

This Separation Agreement and Mutual Release of Claims ("Agreement") is made and entered into as of this __15__ day of October, 2013, by and among Felice Pedro Maurizio Sardisco Randisi ("Sardisco") and Direct Import Home Décor, Inc. ("DIH").

WHEREAS, Sardisco has been employed by DIH from on or about __1-3-12__ *but actually 2011*

WHEREAS, Sardisco has chosen to resign from his employment at DIH and DIH wishes to facilitate his resignation from DIH; and

WHEREAS, Sardisco and the DIH wish to resolve matters and issues between them arising from or relating to Sardisco's employment with the DIH, and any events that occurred through the effective date of this Agreement, and any claims which have been alleged or could have been alleged by either party;

WHEREAS for purposes of this Agreement, reference to the settlement and resolution of all claims and administrative proceedings/actions shall not include any current Ohio Bureau of Workers' Compensation claims of Sardisco for which DIH neither accepts nor denies liability in this Agreement.

NOW, THEREFORE, in consideration of the foregoing premises and the respective obligations and undertakings hereinafter set forth and for good and valuable consideration and mutual promises, the receipt and sufficiency of which are hereby acknowledged, Sardisco and DIH agree as follows:

1. DIH and Sardisco agree that beginning upon execution of this Agreement, Sardisco shall not report to any DIH office or store.

2. DIH, in full settlement of claims that have been raised or could have been raised by Sardisco, will pay to Sardisco the total sum of $ __500__ ("Settlement Sum") which

1

shall not be considered additional wages. Payment of this Settlement Sum by the DIH shall occur within ten (10) business days of execution of this Agreement and execution of the Statement of Irrevocability attached hereto.

3. DIH shall issue Form 1099-MISC to Sardisco for the Settlement Sum identified above, according to law. There shall be no interest on any of the Settlement Sum.

4. Sardisco acknowledges and agrees that DIH shall not withhold any taxes from the Settlement Sum and Sardisco shall be solely responsible for reporting and paying any taxes due on the Settlement Sum that may be determined by the Internal Revenue Service, the State of Ohio or any local taxing authority. Sardisco acknowledges and agrees that the DIH, DIH's attorneys and representatives have not made any representations regarding the tax treatment of the settlement sum pursuant to this Agreement. Sardisco agrees that he has been informed that they are not tax experts, that he has been advised to seek tax advice before signing this Agreement, that he has not relied upon any tax advice from attorneys for the DIH, and that he acknowledges that he has obtained tax advice in advance of execution of the Agreement.

5. Sardisco acknowledges and agrees that DIH shall not withhold any deductions from the Settlement Sum. Sardisco acknowledges and agrees that he is not entitled to any employment benefit resulting from this Agreement.

6. Sardisco and DIH agree that Sardisco employment with DIH shall cease effective upon execution of this Agreement, and that DIH shall not take unilateral action to oppose a claim by Sardisco for unemployment compensation beyond responding to requests for information that may be received from the State of Ohio and its Ohio Department of Job and Family Services. Further, DIH agrees, that should Sardisco file an appeal as to any denial of unemployment compensation, DIH will not file a response to that appeal other than to provide information that

may be requested by the State of Ohio and its Ohio Department of Job and Family Services. However, Sardisco understands that the State of Ohio, through its Ohio Department of Job and Family Services, and not DIH, is ultimately responsible for determining unemployment eligibility, an individual's underlying rights to such benefits and whether to seek reimbursement of benefits paid to an individual that are deemed unwarranted. In this regard, Sardisco understands the DIH does not and, cannot, exert control over the decisions made by the State of Ohio and its respective agencies with regard to unemployment compensation and Sardisco further agrees not to pursue any action whatsoever against DIH for the actions or inactions of the State of Ohio and its respective agency as they may implicate or otherwise affect in any manner his right, or lack thereof, to unemployment compensation.

7. Sardisco has been living in a rental unit owned by DIH or its agents as a tenant. Sardisco agrees that he has not paid rent for September and October 2013. If Sardisco vacates the rental unit and removes all his personal property and motor vehicles from the property on or before October 24, 2013, lessor shall forgive all past due rents.

7. Sardisco understands and agrees that the payment of said Settlement Sum and the other consideration given in support of this Agreement do not constitute an admission by DIH or its trustees, officers, directors, employees, attorneys, agents, representatives or insurers of any violation of any provision of local, state, federal or common law, or of any right of Sardisco. Sardisco acknowledges that DIH expressly denies having violated any provision of any local, state, federal or common law, or any right of Sardisco. DIH understands and agrees that Sardisco acceptance of said Settlement Sum and the other consideration given in support of this Agreement do not constitute an admission by DIH of any violation of any provision of local, state, federal or common law, or of any right of DIH. DIH acknowledges that the Sardisco

expressly denies having violated any provision of any local, state, federal or common law, or any right DIH.

8. Sardisco acknowledges that no promise or agreement not herein expressed has been made and this Agreement contains the entire agreement between Sardisco and the DIH. Sardisco agrees that if any provisions contained in this Agreement are declared invalid by a court of competent jurisdiction, such invalidation shall not affect the remaining provisions of this Agreement, which shall remain in full force and effect. This Agreement may not be amended or modified in any manner except by a writing signed by all parties to the Agreement.

9. This Agreement shall be construed and enforced in accordance with the laws of the State of Ohio.

10. Sardisco warrants and represents that he has not filed any civil action, suit, arbitration, administrative charge or legal proceeding against DIH or its trustees, officers, directors, employees, attorneys, agents or representatives, nor has Sardisco assigned, pledged, hypothecated or transferred his claims to any person, and no other person has an interest in the claims that Sardisco is releasing in this Agreement.

11. Sardisco and DIH understand and agree that to the extent permitted by law, the terms and provisions of this Agreement shall be confidential and shall not be disclosed other than to any governmental taxing authority or regulatory authority and to accountants, financial planners or tax preparers for the respective parties, provided that such persons and entities agree to be bound by this confidentiality provision to keep the information confidential. Sardisco and DIH understand and agree that the DIH is subject to and must comply with applicable public record laws and regulations. Sardisco warrants and represents that he has not communicated or disclosed the confidential terms of this Agreement to anyone other than as expressly authorized

herein and DIH understands and agrees that it shall not take any affirmative action to publicize or disclose this Agreement or the terms of the Agreement. The parties acknowledge and agree that they are authorized to state to third parties, including in response to any inquiries from the media and prospective employers, that any disputes and disagreements between Sardisco and DIH have been resolved by mutual agreement to the satisfaction of both parties. Sardisco and the DIH understand and agree that they may disclose the information that is otherwise protected from disclosure in the following circumstances:

    (i)    disclosures required in response to legal process, summons or subpoena, although no such disclosure shall be made without prior notice to the parties to this Agreement so that they have the opportunity to intervene, object and/or attempt to prevent the disclosure of the confidential settlement information;

    (ii)    disclosures authorized by the prior written consent of the other parties to the Agreement.

12. Sardisco and DIH understand and agree that each will not make disparaging comments about the other. Sardisco understands and agrees that DIH cannot be obligated to prevent current and former employees of DIH from making unauthorized and personal comments that may be disparaging.

13. For and in consideration of the promises and covenants and the Settlement Sum set forth in this Agreement, the receipt and sufficiency of which are hereby acknowledged, Sardisco on behalf of himself, his heirs, administrators, executors, successors and assigns, hereby releases and forever discharges DIH, specifically including its officers, employees, agents, representatives, predecessors, successors, attorneys, consultants and their insurers, both in their individual and agent capacities, from any and all suits, debts, claims, demands, damages, including compensatory damages, punitive damages, judgments, actions, charges, causes of action of any nature whatsoever and of every kind, whether legal, equitable, administrative or

otherwise, including attorneys' fees and claims for interest on the settlement sum, which Sardisco had or currently may have against DIH from the beginning of time to the effective date of this Agreement, regardless of whether such claims, demands, judgments, actions, causes of action or suits are known or unknown, contingent or matured. The claims and causes of action released by Sardisco include but are not limited to those arising out of or relating to Sardisco employment, any matters that occurred through the effective date of this Agreement, including but not limited to claims for wrongful demotion, wrongful, constructive or unlawful discharge, discrimination, retaliation, unlawful harassment, breach of express or implied contract, fraud, fraudulent inducement, including inducement to enter into this Agreement, intentional or negligent misrepresentation, whistle-blowing, defamation, conversion, invasion of privacy, negligence, violation of public policy, interference with contractual, business or prospective relations, assaults, battery, intentional or negligent infliction of emotional distress, negligent supervision, negligent hiring, unjust enrichment, and any other common law cause of action, whether arising in contract or tort, for back pay, front pay, benefits, attorneys' fees, emotional distress, pain and suffering, other compensatory damages of any type, or punitive or exemplary damages; for violations of the Equal Pay Act; Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; the Age Discrimination in Employment Act of 1967 as amended; the Older Workers Benefit Protection Act; the Americans with Disabilities Act of 1991 as amended; the Employment Retirement Income Security Act; the Worker Adjustment Retraining and Notification Act; the Family Medical Leave Act; the Fair Labor Standards Act; the Labor Management Relations Act; the Sarbanes Oxley Act of 2002; the Ohio Civil Rights Statute, Chapter 4112, as amended; all claims of civil rights violations arising under the United States Constitution and the Ohio Constitution; for violations of any other federal, state or local laws,

including but not limited to violations of any fair employment statutes or other law, rule, regulation, ordinance pertaining to employment, wages, compensation, hours worked, or any other aspect of Sardisco relationship with DIH, except that Sardisco and DIH do not release, and expressly reserve all claims with respect to enforcement of this Agreement or arising out of the breach of this Agreement.

14. For and in consideration of the promises and covenants set forth in this Agreement, the receipt and sufficiency of which are hereby acknowledged, DIH hereby releases and discharges Sardisco from any and all suits, debts, claims, demands, damages, including compensatory damages, punitive damages, judgments, actions, charges, causes of action of any nature whatsoever of any kind, including attorneys fees, whether known or unknown, arising out of or relating to Sardisco's employment and concerning events that occurred during Sardisco's employment and the events that occurred through the effective date of this Agreement.

15. Sardisco warrants and represents that he has been advised that he should consult with an attorney of his own choosing prior to executing this Agreement; that Sardisco has been notified that he may take up to twenty-one (21) calendar days in which to consider this Agreement to insure that his execution of this Agreement is knowing and voluntary; that in signing below, Sardisco expressly acknowledges that he has been notified that he may take up to twenty-one (21) calendar days to consider this Agreement; and that his execution of this Agreement is with the full knowledge of the consequences thereof, and is of his own voluntary free will, with the advice and in consultation of legal counsel of his choosing. Sardisco and DIH understand and agree that for a period of seven (7) calendar days following Sardisco execution of this Agreement, Sardisco may revoke this Agreement by providing written notice revoking the same within this seven (7) day period delivered by hand or by certified mail addressed to Fannie

Chen, Direct Import Home Décor, Inc., 4979 West 130th Street, Cleveland, Ohio 44135. In the event that Sardisco revokes this Agreement, the entire Agreement shall be null and void. Sardisco further understands that the consideration to be paid under this Agreement will not be due and owing and will not be paid until Sardisco signs and returns to Fannie Chen the Statement of Irrevocability attached hereto as Exhibit A, which shall be executed by Sardisco on or after the expiration of the seven (7) day period for revocation, which shall constitute the effective date of this Agreement.

16. This Agreement may be executed in separate counterparts, each of which shall be considered an original, but all of which together shall constitute one (1) Agreement.

THE UNDERSIGNED FURTHER STATES THAT HE HAS CAREFULLY READ AND UNDERSTANDS THE FOREGOING SEPARATION AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS; THAT HE HAS HAD FULL OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL OF HIS OWN CHOICE; THAT HE HAS FULL AUTHORITY TO EXECUTE SAID AGREEMENT; AND THAT HE HAS EXECUTED THIS AGREEMENT AS HIS OWN FREE ACT AND DEED.

**CAUTION: READ BEFORE SIGNING.**

_____
FELICE PEDRO MAURIZIO
SARDISCO RANDISI

Dated: _____

DIRECT IMPORT HOME DÉCOR, INC.

By: _____

Its: _____

Dated: _____

The legal form and correctness
of this instrument is approved.

DIRECT IMPORT HOME DÉCOR, INC.

By: _____
Fannie Chen, Authorized Agent

Date: _____, 20____.

## STATEMENT OF IRREVOCABILITY

## EXHIBIT A

I, Samantha, hereby state that I have not executed and/or caused to be delivered to the Direct Import Home Décor, Inc. or its attorneys, any document which purportedly would attempt to revoke the Confidential Settlement Agreement and Release of all Claims that was executed by me on October _____, 2013.

_____
Felice Pedro Marizio Sardisco Randisi

Date: _____

WITNESSED BY:

_____