**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Felix Sardisco,** | ) | **CASE NO. 1:13 CV 2701** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Direct Import Home Decor, Inc. et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**Introduction**

This matter is before the Court upon defendants Direct Import Home Decor, Inc., Eddie J. Ni, Ling Ling Auyeung Ni, Eric Cheung, and Fannie Chen's partial Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 15).  This case arises out of the Fair Labor Standards Act.  For the reasons that follow, defendants' motion to dismiss is DENIED IN PART and GRANTED IN PART.

**Facts**

Plaintiffs Felix Sardisco ("Sardisco") and Qugang Q. Chen ("Chen") worked as laborers and installers for Direct Import Home Decor, Inc. ("Direct Import"), an importer of cabinets and furnishings that is engaged in home remodeling.  Sardisco and Chen bring this

1

action against Direct Import, Eddie J. Ni, Ling Ling Auyeung Ni, Eric Cheung, and Fannie Chen, who are owners of Direct Import (collectively "defendant owners") alleging that defendants violated the Fair Labor Standards Act ("FLSA").  Plaintiffs are pursuing these claims as representative plaintiffs on behalf of themselves and other similarly situated employees in a collective action under 29 U.S.C. § 216(b), which requires that employees affirmatively consent to become parties to the suit, or "opt into" the suit.  Sardisco also brings state law claims individually against Direct Import, defendant owners, and one of their employees, defendant Cheng Long Huang.

For the purposes of deciding defendants' motion to dismiss, the following facts alleged in the complaint are taken as true.

Sardisco had been working in Chicago as a skilled laborer when Direct Import's Chicago branch offered him a job in Cleveland.  Sardisco accepted employment and moved to Cleveland on the oral promise that he would work 40 hours per week in exchange for $1400 per month and be provided with free quality housing and future wage increases.  Sardisco was instead paid around $500 bi-weekly for most of his time with Direct Import and he regularly worked over 40 hours a week without being paid overtime.  The housing provided by defendants was a two bedroom house that housed six workers.  It was infested with bed bugs and Sardisco was forced to maintain the house.  Defendants also began to charge Sardisco rent for his accommodations.

During Sardisco's tenure with Direct Import, his foreman on most jobs was Cheng Long Huang.  Huang frequently physically assaulted Sardisco by shoving him, grabbing his genitals, and verbally abusing him.  Sardisco complained to Fannie Chen and Eric Cheung

2

about Huang's behavior, but they ignored his complaints and refused to fire Huang.

Sardisco's thumb was severely injured during a workplace accident while cutting granite on a saw. Sardisco reported the accident to management but was told by defendant owners that Direct Import would not cover his medical expenses and that Direct Import did not have workers' compensation insurance. Unable to afford medical care himself and believing he was unable to get workers' compensation to pay for the bills, Sardisco did not seek treatment for his injuries.

Chen worked for defendants from 2008 until 2012. Chen alleges that he regularly worked for defendants ten hours a day, six days a week, and did not receive overtime. He also worked most U.S. holidays, but did not receive overtime pay.

Sardisco thereafter filed suit. Defendants moved to dismiss the original Complaint. Sardisco filed his Amended Complaint, which Chen joined. (Doc. 13). Counts One and Two, brought by plaintiffs on behalf of themselves and all others that are similarly situated, allege that Direct Import and defendant owners violated the FLSA by failing to pay employees minimum wage and overtime pay and failing to maintain the required records. Counts Three through Seven are brought by Sardisco individually. Count Three alleges that Direct Import and defendant owners engaged in fraudulent inducement in relation to engaging Sardisco's employment in Cleveland. Count Four alleges a claim of fraud against Direct Import and defendant owners for telling Sardisco that they did not have workers' compensation insurance. Count Five raises a claim for assault and battery against Huang, Direct Import,

and defendant owners.[1]  Count Six raises a claim for negligent supervision and Count Seven raises a claim of negligent hiring and training against Direct Import and defendant owners because of Huang's conduct.

This matter is before the Court upon Direct Import and defendant owners' motion to dismiss Counts One through Four and Count Five in part, which plaintiffs oppose.

**Standard of Review**

A  motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint.  In order to survive a motion to dismiss, a complaint's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Ass'n of Cleveland Firefighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint must contain sufficient factual material to state a claim "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**Discussion**

---

[1]  Plaintiffs have set forth two Count Fives.  The first one is really a set of paragraphs supporting the theory about piercing the corporate veil (Am. Complt. ¶¶ 150-57).  The second Count Five is a claim by Sardisco for Assault and Battery (Am. Complt. ¶¶ 158-62).  Defendants move to dismiss "count five" related to piercing the corporate veil.

Direct Home and defendant owners move to dismiss several of the claims against them and several aspects of plaintiffs' case.  The Court will address the arguments in the order that defendants' motion presents them.

**Count Three—Fraudulent Inducement**

Defendants argue that Count Three for fraudulent inducement is preempted by the Fair Labor Standards Act ("FLSA").  Defendants contend that the claim arises from the same governing facts as the FLSA claims.  Sardisco maintains that the claim is not preempted because it arises from a set of facts independent of defendants' failure to pay overtime and minimum wage alleged in his FLSA claims.  Sardisco explains that the elements of fraudulent inducement differ from those in the FLSA claims and that each has a different recovery.

Preemption may occur in three ways.  "It is well established that within Constitutional limits Congress may preempt state authority by so stating in express terms." *Pacific Gas and Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n,* 461 U.S. 190, 203, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983) (*citing Jones v. Rath Packing Co.,* 430 U.S. 519, 525, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977)).  Absent express preemptive language, "courts must consider whether the federal statute's 'structure and purpose,' or nonspecific statutory language, nonetheless reveal a clear, but implicit, pre-emptive intent." *Barnett Bank of Marion County, N.A. v. Nelson,* 517 U.S. 25, 31, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996) (*citing Jones,* 430 U.S. at 525, 97 S.Ct. 1305).  This type of preemption is commonly referred to as "field preemption" and occurs when regulation by the federal government in a particular area is "so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." *American Bankers Ass'n v. Lockyer,* 239 F.Supp.2d 1000, 1008 (E.D.Cal.

2002) (*quoting Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)). The third form of preemption is "conflict preemption." Conflict preemption exists where the federal law is in "irreconcilable conflict" with state law. *Barnett Bank,* 517 U.S. at 31, 116 S.Ct. 1103.

As defendants concede, the question of whether the FLSA actually preempts any state law causes of action is unsettled. The Sixth Circuit has not yet spoken on whether the FLSA can preempt state law claims and there are divergent answers from the other Courts of Appeals. *Compare Anderson v. Sara Lee Corp.,* 508 F.3d 181 (4th Cir. 2007) (holding that the FLSA preempted the plaintiffs' state law claims for fraud, breach of contract and negligence), *with Wang v. Chinese Daily News, Inc.,* 623 F.3d 743, 760 (9th Cir. 2010) (holding that FLSA does not preempt a state law claim that borrows its substantive standards from FLSA). Defendants cite *Chen v. Street Beat Sportswear, Inc.* in support of preemption here. 364 F. Supp. 2d 269, 292 (E.D.N.Y. 2005). There, the court held that plaintiff's claim for fraud arising from misrepresentations by his employer that he was not entitled to FLSA overtime was preempted by the FLSA. *Id.*

This Court, however, is persuaded that there would not be preemption in this case. The FLSA contains a saving clause which expressly permits states to fashion their own hour and wage statutes, evincing an intent that the FLSA should be seen to supplement not supplant state law. *See* 29 U.S.C. § 218(a).

To establish a claim for fraudulent inducement in Ohio, a plaintiff must establish: (1) a representation, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard as to whether it is true or false that

6

knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance on the representation or concealment, and (6) an injury proximately caused by that reliance. *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475, 700 N.E.2d 859 (1998). In contrast, liability under the FLSA is predicated on a showing that an employer-employee relationship existed, the plaintiff was engaged in FLSA protected activities, and the defendant did not pay the required minimum wage or overtime pay. *Thomas v. Speedway Superamerica, LLC*, 1:04-CV-00147, 2006 WL 4969500 (S.D. Ohio Mar. 31, 2006) *aff'd,* 506 F.3d 496 (6th Cir. 2007).  While an FLSA claim and a fraudulent inducement claim may share some of the same facts, the elements of the claims are decidedly different and this claim is not duplicative of an FLSA one.  *Accord Monahan v. Smyth Automotive, Inc.*, 1:10-CV-00048, 2011 WL 379129 (S.D. Ohio Feb. 2, 2011) (finding an unjust enrichment claim not duplicative of FLSA claim, though based on many of the same facts).

Consequently, the Court finds that a claim for fraudulent inducement does not interfere with or create any irreconcilable difference between this state claim and the FLSA. And the Court therefore concludes that the FLSA does not preempt a claim for fraudulent inducement.

Defendants also object that Count Three fails to state a claim for fraudulent inducement because it does not meet the particularity requirement of Fed. R. Civ. Pro. 9(b). Sardisco argues that the particularity requirement is met.

In the Sixth Circuit, Rule  9(b)'s requirements are read "liberally, . . . requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and

the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161–62 (6th Cir. 1993) (internal quotation marks and citation omitted).

Plaintiffs' Amended Complaint avers that in November 2011, Sardisco was hired by Direct Import in Chicago. (Am. Complt. ¶ 45). He maintains that Direct Import represented to him that he would be paid $1400 per month with future wage increases and he would be provided with free quality housing. (Am. Complt. ¶ 46-47, 125-26). Sardisco alleges that these representations were made to induce him to move from Chicago and begin work in defendants' Cleveland branch. (Am. Complt. ¶ 124-36). Sardisco relied on these misrepresentations and forewent other opportunities in Chicago to move to Cleveland and suffered wage loss because of defendants' fraud. (Am. Complt. ¶ 131-36).

Upon review, the Court finds that the Amended Complaint has set forth the minimum requirements for his fraudulent inducement claim. The Court therefore denies defendants' motion to dismiss Count Three of the Complaint.

**Count Four—Fraud**

Defendants argue that the allegations in the Amended Complaint fail to state a claim for fraud with particularity. Specifically, defendants object that Sardisco's allegations fail to state who lied to him, when a lie was spoken, and the content of the alleged lie. Defendants further argue that there was no transaction as required for a fraud claim, nor was it justifiable for Sardisco to rely on any alleged representation that Direct Import lacked workers' compensation insurance to avoid having a serious injury treated.

Again, Rule 9(b)'s requirements are read "liberally, . . . requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he

8

or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161–62 (6th Cir. 1993).

The Amended Complaint avers that around January 2012, Sardisco's right thumb was badly injured in an accident with a saw while at work. (Am. Complt. ¶ 73). Sardisco's foreman immediately called management. (Am. Complt. ¶ 73). When contacted, defendant owners stated that Direct Import did not have workers' compensation insurance. (Am. Complt. ¶ 74). Sardisco maintains that he was told this because defendants had not registered him as their employee and they did not want him to file a claim because it would expose them to liability and charges by state and federal authorities. (Am. Complt. ¶ 76). Sardisco avers that because of his sub-standard wages and believing Direct Import did not have workers's compensation insurance, he did not seek hospital treatment. (Am. Complt. ¶ 77). As a result of the injury, plaintiff has suffered a reduced range of motion and chronic pain.[2]

Upon review, the Court finds that Sardisco has sufficiently stated a claim for fraud. The Amended Complaint meets the minimum requirements of Rule 9 by alleging the time, place, content of the misrepresentation, the fraudulent scheme and intent of defendants, and plaintiff's injury. Consequently, defendants motion to dismiss the fraud claim is denied.

**Count Five—Piercing the Corporate Veil**

---

[2] Defendants raise the issue about this not being a "transaction." However, in *Delman v. City of Cleveland Heights*, 41 Ohio St.3d 1, 534 N.E.2d 835 (Ohio 1989), the court stated: "One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

Defendants move to dismiss the Amended Complaint's first "Count Five" which seeks to pierce the corporate veil of Direct Import in order to reach defendant owners.

In Ohio, the corporate form may be disregarded and the shareholders and officers of a corporation may be held liable for corporate misdeeds when: (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own; (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and (3) injury or unjust loss resulted to the plaintiff from such control or wrong. *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.,* 67 Ohio St.3d 274, 289, 617 N.E.2d 1075 (1993).

Defendant owners argue that plaintiff fails to demonstrate that they have complete control over the company. Defendants also argue that the corporate veil cannot be pierced because the fraud and fraudulent inducement claims fail. Defendants thus appear to only challenge piercing the corporate veil as to Counts Three and Four. Sardisco responds that this Count Five is not a count, but a theory of recovery. Sardisco contends that he has sufficiently plead defendants' control of Direct Import, their fraud, and his injuries to pierce the corporate veil.

Sardisco has alleged that defendant owners exercised complete dominion and control over Direct Import. (Am. Complt. ¶ 150-153). He maintains that defendant owners, using their control over the company, committed fraud and fraudulent inducement against him. (Am. Complt. ¶¶ 44-49, 72-83, 124-136). Finally, Sardisco avers that as a result of defendant owners' conduct he lost wages and workers' compensation to which he was entitled. (Am.

Complt. ¶ 136, 149).  The Court, therefore, finds that he has sufficiently stated a claim for piercing the corporate veil against defendant owners as to the claims of fraudulent inducement and fraud.  Defendants' motion to dismiss is denied.

### Count One—Collective Action

Defendants argue that plaintiffs' claim for collective action for the FLSA violations should be dismissed.  Defendants object that plaintiffs "[have] not provided a reasonable basis to credit his assertions that other aggrieved individuals exist that are similarly situated to him." (Doc. 15 p. 11).  Plaintiffs should be required to provide more before being allowed to seek a conditional collective action.  Defendants contend that the addition of Chen, who only alleges overtime violations and no injuries related to housing conditions, shows the difficulty of maintaining this as a class action.

The FLSA provides that a collective action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  Whether a suit can be maintained as a collective action is typically not determined on a 12(b)(6) motion, but rather on a motion to conditionally certify the collective action. *See Mitial v. Dr. Pepper Snapple Grp.*, No. 11–81172–CIV, 2012 WL 2524272, at *4 (S.D. Fla. June 29, 2012); *Dominguez v. Micro Ctr. Sales Corp.*, No. 11 C 8202, 2012 WL 1719793, at *2 (N.D.Ill. May 15, 2012).  Nevertheless, to survive a motion to dismiss, plaintiff must give the defendant fair notice of the putative class. *Dyer v. Lara's Trucks, Inc.*, 1:12-CV-1785-TWT, 2013 WL 609307 at *3 (N.D. Ga. Feb. 19, 2013).

Plaintiffs' Amended Complaint alleges that Direct Import's installers and general

11

laborers often worked 10 hours a day, and sometimes more, without receiving overtime pay. (Am. Complt. ¶ 29).  Plaintiffs seek to certify a class of defendants' laborers and installers who have worked for them any time during the prior three years. (Am. Complt. ¶ 37).  At this stage in the case, the Court cannot conclude that plaintiffs can prove no set of facts that would entitle to them to relief.  The Court finds that plaintiffs state sufficient allegations in their Amended Complaint identifying the putative class they will seek to certify, thereby providing defendants with fair notice.  Defendants' motion to dismiss the collective action aspect of the FLSA claims is denied.

### Count Two—FLSA Recordkeeping Claim

Defendants allege that plaintiffs' complaint provides no basis for an FLSA recordkeeping claim.

Plaintiffs complaint alleges defendants failed to maintain records in violation of the FLSA.  They maintain that Sardisco was initially paid in cash so that defendants could avoid federal and state tax obligations. (Am. Complt. ¶ 147).  Sardisco indicates that when defendants did begin to pay him via check, they intentionally omitted any record of the number of hours he worked each week. (Am. Complt. ¶ 60).  Chen makes similar allegations.  And both provide the Court with paychecks to substantiate this claim. (Doc. 13 exs. 1, 2, 3, 7, 8, 9, 10, 11).  The Court, therefore, finds that the claim cannot be dismissed on defendants' offered basis that plaintiffs have not fairly alerted them to the grounds for the recordkeeping allegations.

However, 29 U.S.C. § 216(b) does not authorize employee suits for violations of the FLSA's recordkeeping requirements.  "Authority to enforce the [FLSA's] recordkeeping

provisions is vested exclusively in the Secretary of Labor." *Elwell v. Univ. Hosp. Home Care Serv.*, 276 F.3d 832, 843 (6th Cir. 2002) (citing 29 U.S.C. § 217). *See also Perez v. T.A.S.T.E. Food Products, Inc.*, 5:13-CV-655-DAE, 2014 WL 412327 (W.D. Tex. Feb. 3, 2014) ("FLSA does not provide a private right of action for recordkeeping violations of the Act."); *Petty v. Russell Cellular, Inc.*, 2:13-CV-1110, 2014 WL 340417 (S.D. Ohio Jan. 30, 2014) ("[N]o claim for recordkeeping violations is authorized under the FLSA."). Consequently, defendants' motion to dismiss this claim is granted.

### Obstruction of Justice

Finally, defendants move to dismiss any kind of claim regarding obstruction of justice on the part of defendant company or defendant owners. Plaintiffs respond that they have not raised a claim for obstruction of justice because there is no count on this matter. Rather, plaintiffs maintain that their allegations about defendants' conduct underlie the other federal and state law claims. The Court therefore denies as moot defendants' motion to dismiss any obstruction claim against them as there is none in the Amended Complaint.

### Conclusion

For the reasons set forth above, defendants Direct Import Home Decor, Inc., Eddie J. Ni, Ling Ling Auyeung Ni, Eric Cheung, and Fannie Chen's partial Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 15) is DENIED IN PART and GRANTED IN PART. Plaintiffs' claim for an FLSA recordkeeping violation is DISMISSED. The remainder of the claims in the Amended Complaint remain pending.

IT IS SO ORDERED.

                                                  /s/ Patricia A. Gaughan
                                                 PATRICIA A. GAUGHAN
                                                 United States District Judge

Dated: 7/2/14